IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMER TAISIR ZGHAILAT QARALLEH,<br><br>Defendant. | Case No. 1:26-cr-2<br><br>Hon. Leonie M. Brinkema<br><br>Trial: June 23, 2026 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS NOS. 4 AND 4A**

The United States of America, by and through undersigned counsel, hereby submits its response in opposition to the Defenandant's Proposed Jury Instructions Nos. 4 and 4A. First, Instruction No. 4 includes, as an element of the offense, that the government must prove "[t]hat the firearm was capable of operating as designed or could be readily put in operating condition." Def. Amend. Disputed Jury Instr. (ECF No. 93), Inst. No. 4, at 10. This instruction violates clear Fourth Circuit precedent and is misleading. The Fourth Circuit previously held "there is no requirement the Government establish that the firearm in question be operable or readily operable" for convictions under 26 U.S.C. §§ 5845 (a)(1) and 5861(d). See United States v. Ferguson, 138 Fed. Appx. 568, 570 (4th Cir. 2005) (unpublished) (citing United States v. Yannott, 42 F.3d 999, 1006 (6th Cir. 1994) (upholding conviction under § 5845(a)(1) where the shotgun had a broken firing pin, but the evidence demonstrated that it was "readily restorable") and United States v. Jackson, 124 F.3d 607 (4th Cir. 1997) (holding that the evidence was sufficient for a conviction under § 5845(a)(2) where the evidence established that the weapon was made from a shotgun with a barrel less than 18 inches in length); but see United States v. Thompson, 202 F. 202 Supp. 503, 507 (N.D. Cal 1962) (holding that a shotgun without a firing pin was not a firearm within the meaning of § 5845). Moreover, the definition of "shotgun" under the National Firearms Act ("NFA"), which is included in Jointly Agreed Upon Instruction No. 25, does not require the firearm to

be "capable of operating as designed" or "be readily put in operating condition."  Instead, it reads as follows:

> The term "shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell.

26 U.S.C. 5845(d).  Just like there is no reason to conclude that Congress intended the word "or" in the NFA definition of "shotgun" to be read in conjunctive, there is also no reason to deviate from the definition that Congress enacted when it passed the NFA.  Doing so will only serve to confuse and mislead the jury.

Other circuits have similarly held that operability is not a requirement under § 5845.  *See, e.g. United States v. Cosey*, 244 F. Supp 100 (1st Cir. 1965) (denying defendant's motion to dismiss the indictment under § 5845(a)(1) because the shotgun was missing the firing pin); *United States v. Jokel*, 969 F.2s 132, 134 (5th Cir. 1992) (per curiam) (upholding conviction under § 5861 because there was sufficient evidence that the hinge served as the trigger).  The defendant's proposed instruction also misinterprets the word "designed" under 26 U.S.C. § 5845(d), which would further mislead the jury.  *See United States v. Cabral*, 475 F.2d 715, 720 (holding that the definition of "shotgun" under § 5845(d) "does contain a provision that such weapons, *as originally manufactured*, must be designed to be fired from the shoulder") (internal quotation marks omitted); *see also United States v. Dotson*, 712 F.3d 369, 372 (7th Cir. 2013) (applying the definition of "firearm" under 18 U.S.C. § 921(a)(3) and holding that "[t]he gun in this case, although in bad condition, neither was redesigned to be something other than a gun nor is so badly damaged that it can no longer be regarded as a weapon designed to fire bullets").  Therefore, the Court should deny Defendant's Proposed Jury Instruction No. 4 and instead grant Government's Proposed Instruction F, which is a correct statement of the law.

Lastly, Defendant's Proposed Jury Instruction 4A further compounds this issue by defining

language that does not track the statute and is largely unsupported by the case cited by the defense. *See* 26 U.S.C. § 5845(d); *United States v. Kelly*, 276 Fed.Appx. 261, 267 (4th Cir. 2007). The Court should deny this instruction and instead grant the Government's Proposed Instruction No. F1, which provides a definition for "readily restored to fire a fixed shotgun shell" that is consistent with the Fourth Circuit's holding in *Kelly* and the statutory language in § 5845(d).

For these reasons, the Court should deny Defendant's Proposed Instructions Nos. 4 and 4A.

Respectfully submitted,

Date: June 21, 2026

TODD W. BLANCHE
Acting Attorney General

By:  _____/s/_____
Robert Strange
Nicholas A. Durham
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: robert.strange@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2026, I electronically filed the foregoing motion with the

Clerk of Court using the CM/ECF system, which will send a notice of electronic filing (NEF) to

all counsel of record.


By:    _____*/s/*_____
                          Robert Strange
                          Assistant United States Attorney