IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMER TASIR ZGHAILAT QARALLEH, | ) | 1:26-cr-2 (LMB) |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is defendant Amer Tasir Zghailat Qaralleh's ("defendant") Motion for Reconsideration of the Court's Ruling that the NFA Definition of Shotgun is Disjunctive ("Motion"), in which he again argues that "either . . . or," as contained in the definition of "shotgun" in 28 U.S.C. § 5845(d), should be interpreted as "and" based on statutory context. The Court disagrees.

Statutory interpretation always "begins with the text." Ross v. Blake, 578 U.S. 632, 638 (2016). "It is well established that when the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." Crespo v. Holder, 631 F.3d 130, 133 (4th Cir. 2011) (quoting Lamie v. United States Tr., 540 U.S. 526, 534 (2004)). Terms are given "their ordinary, contemporary, common meaning, absent an indication Congress intended it to bear some different import." Id. (quoting N.C. ex rel. Cooper v. Tenn. Valley Auth., 515 F.3d 344, 351 (4th Cir. 2008)) (cleaned up).

Section 5845(d) defines "shotgun," in relevant part, as "a weapon [intended to] fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, . . ." This plain language is most plausibly read to mean that a shotgun is a weapon that can fire either ball shot or a single projectile, or both; however, it must fire at least

one type of projectile (multiple or single) at a minimum.  "The word 'or' is 'almost always disjunctive,' and is generally used 'to indicate . . . an alternative.'" Campos-Chavez v. Garland, Nos. 22-674 and 22-888, 144 S. Ct. 1637, 1647 (2024) (quoting Encino Motorcars, LLC v. Navarro, 584 U.S. 79, 87 (2018) and Webster's Third New International Dictionary 1585 (1993)) (cleaned up); see also George Hyman Const. Co. v. Occupational Safety & Health Rev. Comm'n, 582 F.2d 834, 840 n.10 (4th Cir. 1978) ("use of a disjunctive indicates alternatives and requires they be treated separately").

Although "statutory context can overcome the ordinary, disjunctive meaning of 'or'" Encino Motorcars, 584 U.S. at 87; see also Pulsifer v. United States, 601 U.S. 124, 151 (2024), the statutory context points in the same direction as the usual meaning here.  As the government correctly points out, the NFA contains the deliberate use of conjunctive and disjunctive language in other definitions.  For example, an "unserviceable firearm" is defined as one that is "incapable of discharging a shot by means of an explosive and incapable of being readily restored to a firing condition." § 5845(h).  This definition clearly contains two conditions that must be met.  Similarly, restrictive language is used to indicate when a definition is narrow in scope.  A "rifle" is defined as a "weapon [intended] to fire only a single projective through a rifled bore for each single pull of the trigger, . . ." § 5845(c).  Such precise language supports a plain meaning interpretation of the statute.

Moreover, Congress's use of the word "either" clearly indicates alternatives that should be given their independent and ordinary significance.  Although a shotgun may fire both ball shot and single projectiles, it need not do both.  For these reasons, it is hereby

ORDERED that defendant's Motion [Dkt. No. 79] be and is DENIED; and it is further

ORDERED that the United States' Motion in Limine [Dkt. No. 99], which is unopposed,

be and is GRANTED.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 22 day of June, 2026.

Alexandria, Virginia

_____/s/ _____

Leonie M. Brinkema
United States District Judge

3