IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:26-cr-2 |
| | Hon. Leonie M. Brinkema |
| AMER TAISIR ZGHAILAT QARALLEH, | |
| Defendant. | |

**GOVERNMENT'S OBJECTIONS TO COURT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through undersigned counsel, hereby submits its objections to the Court's Proposed Jury Instructions.  *See* Ex. A.

**ARGUMENT**

The United States objects to the following instructions:

1. **Defendant's Proposed Jury Instruction 4A - pg. 20 of Court's Proposed Jury Instructions:**

This instruction must be rejected as it is legally incorrect and encourages a misleading definition of "readily restored" as the term is used in the National Firearms Act ("NFA"). The section of the NFA at issue reads as follows:

> The term "shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell.

26 U.S.C. 5845(d) (emphasis added).

Contrary to the statute and case law, defendant's Proposed Jury Instruction 4A provides the following: "[t]hat the word restore means to bring back to or put back into a former or original

state." *See United States v. Ferguson*, 138 Fed. Appx. 568, 570 (4th Cir. 2005) (unpublished) (citing *United States v. Yannott*, 42 F.3d 999, 1006 (6th Cir. 1994) (upholding conviction under § 5845(a)(1) where the shotgun had a broken firing pin, but the evidence demonstrated that it was "readily restorable") and *United States v. Jackson*, 124 F.3d 607 (4th Cir. 1997) (holding that the evidence was sufficient for a conviction under § 5845(a)(2) where the evidence established that the weapon was made from a shotgun with a barrel less than 18 inches in length); But see *United States v. Thompson*, 202 F. 202 Supp. 503, 507 (N.D. Cal 1962) (holding that a shotgun without a firing pin was not a firearm within the meaning of § 5845). Other circuits have similarly held that "readily restored" does not require the weapon to be returned to its "original state." *See, e.g. United States v. Cosey,* 244 F. Supp 100 (1st Cir. 1965) (denying defendant's motion to dismiss the indictment under § 5845(a)(1) because the shotgun was missing the firing pin); *United States v. Jokel*, 969 F.2s 132, 134 (5th Cir. 1992) (per curiam) (upholding conviction under § 5861 because there was sufficient evidence that the hinge served as the trigger).

Lastly, Defendant's Proposed Jury Instruction 4A confuses this issue by defining language in a way that does not track the statute and is largely unsupported by the case cited by the defense. See 26 U.S.C. § 5845(d); *United States v. Kelly*, 276 Fed.Appx. 261, 267 (4th Cir. 2007). The Court should deny this instruction and instead grant the Government's Proposed Instruction No. F1, which provides a definition for "readily restored" that is consistent with the Fourth Circuit's holding in *Kelly* and the language in § 5845(d). For these reasons, the Court should deny Defendant's Proposed Jury Instruction 4A.

2. **Defendant's Proposed Jury Instruction No. 7, pg. 26 of Court's Proposed Jury Instructions:**

This instruction is not appropriate. This instruction was taken from *Modern Federal Jury Instructions* § 35.13, which applies to violations of 18 U.S.C. § 924(b). This Section criminalizes, "[w]hoever, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, or with knowledge or reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year is to be committed therewith, ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce shall be fined under this title, or imprisoned not more than ten years, or both."

It would make sense that this statute would attempt to draw a temporal link between the shipping, transportation, and/or receipt of the firearm as it has to be connected with the main focus of the crime – which appears to be a specific intent crime. The defendant must have an intent to commit a crime, and then "therewith" move the firearm. There is no similar temporal connection with the explosives charge at hand here, let alone any specific intent. Therefore, given these words are common words that any jury can define for themselves, the government asks that this instruction be stricken in its entirety.

Defense further cites to *Modern Federal Jury Instructions* § 35.10, Instruction No. 35-66, as support for its instruction listed above. However, this next section does not support the first. Moreover, the government would *not* contest language from Instruction No. 35-66, which includes:

> To "receive" a firearm means to knowingly take possession of it.
>
> To "possess" means to have something within a person's control. This does not necessarily mean that the defendant must hold it physically, that is, have actual possession of it. As long as the firearm is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the firearm, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that government has proven possession.[1]

---

[1] Although a different instruction on "Possession" would cover the middle paragraph.

To satisfy this element, you must also find that the defendant knowingly received the firearm. This means that he received the firearm purposely and voluntarily, and not by accident or mistake.

Next, defense cites to 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instruction,* § 39.13, "Receive" Defined.  This instruction states: "The term 'receive' means to acquire or obtain possession of an item whether such receipt is actual or constructive, sole or joint." The government would also *not* object to this instruction, but the instruction as written creates a requirement that is NOT written into the statute.

3. **Defendant's Proposed Jury Instruction No. 9, pg. 30 of Court's Proposed Jury Instructions**

The United States and the defense have agreed to the three main elements, and the government does not object to those.  The government does adamantly stress that the language, "The government must only prove that the items were explosive materials in the general sense of the word" must be reinstated following the elements, as the government provided for in its Amended Jointly Agreed Upon Jury Instructions with Citations, DE 82, Instruction 33.  As a reminder, the defense had agreed with this extra sentence, which is key since the requirements for what the defendant knew about the explosives is different, as stated in our instructions, between the two explosives charges.  Additionally, without this missing sentence, a critical holding of the *Goff* decision is being overlooked.

Respectfully submitted,

Date: June 24, 2026

TODD W. BLANCHE
Acting Attorney General


By:    _/s/ Nicholas Durham_
Nicholas A. Durham
Robert Strange
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
nicholas.durham@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this June 24, 2026, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing (NEF) to all counsel of record.

By: _/s/ Nicholas A. Durham_
Nicholas A. Durham
Assistant United States Attorney